UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MOSE DAVIS                                                                        PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:08CV-P430-S

WARDEN LARRY CHANDLER *et al.*                                       DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court for screening of Plaintiff's complaint pursuant to 28

U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons

that follow, the instant action will be dismissed.

**I.  <u>SUMMARY OF CLAIMS</u>**

Plaintiff Mose Davis is an inmate in the Kentucky State Reformatory ("KSR").  He

brings suit pursuant to 42 U.S.C. § 1983 against KSR Warden Larry Chandler and KSR

Physicians Mazen Khayat, M.D., and Steven White, M.D.  He sues each Defendant in his

individual and official capacities and seeks monetary damages in the amount of $5 million and

punitive damages in the amount of $15 million.

Factually, Plaintiff reports that he was transported to KSR on December 1, 2006, and

placed in nursing care.  On December 10, 2006, he was found in an unresponsive state.  His

blood pressure was unobtainable, his pulse was 24, and respirations were 4.  Plaintiff reports that

he was "immediately transferred to the ER, via ambulance for further evaluation."  According to

Plaintiff, "review of his MAR indicates that he did not recieve his DDAVP since 12/1 . . . . He

also apparently did not recieve his Jantoven or Trental or Elavil at that time."  Plaintiff advises

that while in the emergency room, he was breathing at a very slow rate and was given an IV

bolus of fluid to address his "hypovolemia."  Then, just as he was being prepared to be intubated,

he regained consciousness and was admitted to the intensive care unit.[1]

## II. <u>STANDARD OF REVIEW</u>

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A

claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous

where it is based on an indisputably meritless legal theory or where the factual contentions are

clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v.

Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In

reviewing a complaint under this standard, the Court must construe the pleading in the light most

favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

---

[1]The facts in the complaint end there.  In a subsequently filed letter (DN 4), however, Plaintiff reports that "by them not giving me my medicine I suffered [a] Stroke."

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### A.  Official-capacity claims

The Court will dismiss the official capacity claims on two bases.  First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").  Second, none of the Defendants are "persons" subject to suit within the meaning of § 1983.  *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for

3

the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, the § 1983 official capacity claims for damages against all Defendants will be

dismissed for failure to state a claim upon which relief may be granted and for seeking monetary

relief from Defendants immune from such relief.

### B. Individual-capacity claims

#### 1. Failure to state a claim

In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts.

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  "It is not enough for a complaint

under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons

acting under color of state law.  Some factual basis for such claims must be set forth in the

pleadings."  *Id.*  A complaint must contain "'either direct or inferential allegations respecting all

the material elements to sustain a recovery under *some* viable legal theory.'"  *Scheid v. Fanny*

*Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford*

*Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  Allegations premised upon mere conclusions

and opinions fail to state an adequate claim.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10,

12 (6th Cir. 1987); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (finding that bare

and conclusory allegations that a defendant personally deprived a plaintiff of constitutional or

statutory rights are insufficient to state a cognizable claim).

Furthermore, a complaint filed under § 1983 must show a causal connection between the

named defendants and the alleged constitutional deprivation.  A § 1983 complaint must allege

that specific conduct by the defendants was the proximate cause of the constitutional injury.

*King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986).  "Congress did not intend § 1983 liability

to attach where causation is absent." *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.*  When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Here, aside from listing Chandler, Khayat, and White as Defendants in the caption, Plaintiff fails to mention them elsewhere in his complaint.  To the extent that he may be seeking to hold those Defendants liable in their supervisory capacities, the doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)).  As Plaintiff fails to allege any facts showing that Warden Chandler or Drs. Khayat or White encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct, Plaintiff has failed to state a claim against them.

## 2. __Statute-of-limitations bar__

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, -- U.S. --, 127 S. Ct. 1091, 1094 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The Supreme Court has also recently held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 125, 127 S. Ct. 910, 920-21 (2007).

In the instant case, Plaintiff's complaint details events occurring from December 1, 2006, when he was transported to KSR, through December 10, 2006, when he was taken to the emergency room and then placed in the intensive care unit upon regaining consciousness. Nothing in the complaint suggests that Plaintiff is complaining about events that occurred after December 2006, and, while Plaintiff was unconscious on one day (December 10, 2006), the complaint fails to demonstrate that, upon regaining consciousness, Plaintiff was unaware of what had happened at KSR since December 1, 2006. By not filing his complaint until over a year-and-a-half later in August 2008, Plaintiff's claims arising out of the December 2006 events are untimely.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005